NOTE: This disposition is non-precedential.

# United States Court of Appeals for the Federal Circuit

———————————

**BUTAMAX(TM) ADVANCED BIOFUELS LLC,**
*Plaintiff/Counterclaim Defendant-*

*Appellant,*

AND

**E.I. DUPONT DE NEMOURS AND CO.,**
*Counterclaim Defendant,*

**v.**

**GEVO, INC.,**
*Defendant/Counterclaimant-*

*Appellee.*

———————————

2012-1490

———————————

Appeal from the United States District Court for the District of Delaware in Case No. 11-CV-0054, Judge Sue L. Robinson.

———————————

Decided: November 16, 2012

———————————

LEORA BEN-AMI, Kirkland & Ellis LLP, of New York, New York, argued for plaintiff/counterclaim defendant-

appellant. With her on the brief were CHRISTOPHER T. JAGOE and BENJAMIN A. LASKY. Of counsel was DANIEL FORCHHEIMER.

GERALD J. FLATTMANN, JR., Paul Hastings LLP, of New York, New York, argued for defendant/counterclaimant-cross appellant. With him on the brief were PRESTON K. RATLIFF II, JOSEPH M. O'MALLEY, JR., and ANTHONY MICHAEL, of New York, New York, and STEPHEN B. KINNAIRD, of Washington, DC. Of counsel were BENJAMIN G. DAMSTEDT, LORI R. MASON, and MICHELLE S. RHYU, Cooley LLP, of Palo Alto, California, and JAMES P. BROGAN, of Broomfield, Colorado.

––––––––––––––––

Before RADER, *Chief Judge*, DYK and WALLACH, *Circuit Judges*.

RADER, *Chief Judge*.

This appeal comes before the court following the denial of a preliminary injunction in a patent infringement case. This court reviews such decisions for abuse of discretion. *See Abbott Labs., Inc. v. Sandoz, Inc.*, 566 F.3d 1282, 1298–99 (Fed. Cir. 2009). Based on the record and this standard of review, this court affirms the denial of the preliminary injunction. Gevo, Inc. raised a substantial question of validity concerning the asserted patent, a question which Butamax has failed to show "lacks substantial merit." *See Amazon.com Inc. v. Barnsandnoble.com, Inc.*, 239 F.3d 1343, 1350–51 (Fed. Cir. 2003).

However, this court's affirmance should not be read to endorse the trial court's very questionable construction of the claim term "acetohydroxy acid isomeroreductase" – that is "as an enzyme that is solely NADPH dependent."

The trial court should reconsider its construction when it holds a *Markman* hearing. Costs of this appeal shall be borne by the respective parties.

**AFFIRMED AND REMANDED**